IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREEN GROUP HOLDINGS, LLC, a Georgia limited liability company and HOWLING COYOTE, LLC, a Georgia limited liability company, <br><br> PLAINTIFFS, <br><br> VS. <br><br> MARY B. SCHAEFFER, ELLIS B. LONG, BENJAMIN EATON AND ESTHER CALHOUN, individually and as members and officers of BLACK BELT CITIZENS FIGHTING FOR HEALTH AND JUSTICE, an unincorporated association, <br><br> DEFENDANTS. | CIVIL ACTION NO.: <br><br> 2:16-cv-00145-CG-N |

## MOTION TO DENY *PRO HAC VICE* ADMISSION

Come now the Plaintiffs and move this Honorable Court to deny the Motions of Lee Rowland, Benjamin Good, Dennis Parker and Rachel Goodman for admission *pro hac vice*, and in support of said Motion would show the Court as follows:

1. Lee Rowland, Benjamin Good, Dennis Parker and Rachel Goodman each have applied for admission *pro hac vice* to practice before this Court. (Docs. 17, 18, 20 and 21) Each of the named counsel is an attorney at the American Civil Liberties Union Foundation admitted to practice in the state of New York.

2. S.D. Ala. L.R. 83.3(d)(1) governs admission *pro hac vice* and provides as follows:

>Any attorney who is not a member of the Bar of this Court but who is admitted to practice before any United States Court for the District in which such person resides or regularly practices law, or the highest Court of any State or the District of Columbia, **may**, upon motion and payment of the prescribed admission fee, be admitted *pro hac vice* by an order of any District Judge, Magistrate Judge, or Bankruptcy Judge of this Court.  (Emphasis added.)

3.The admission to practice is thus at the discretion of the Court and is not mandatory.

4.Contemporaneous to the filing of the Defendants' Motion to Dismiss and the above referenced Motions for Admission to practice before this Court, the American Civil Liberties Union posted on its website an article which provided in pertinent part as follows:

>Before filing the defamation suit, a lawyer for Green Group provided the defendants with a list of demands in exchange for not filing the lawsuit. The "settlement proposal" — which was sent before any lawsuit had been filed — would have required a full apology from each defendant, full-day interviews about their community advocacy, forensic searches of each of our client's electronic devices, access to the group's future social media postings, and extensive details about Black Belt Citizens' membership, advocacy, and communications with other environmental groups. The proposal also would have required each of the defendants to withdraw as complainants in the federal civil rights complaint filed with the EPA. [1]

The article also provided a hyperlink to the proposed Settlement Agreement[2].

5.The proposed Settlement Agreement was provided to one of the counsel for Defendants, William M. Dawson, along with a letter dated March 30, 2016[3], in an effort to avoid the litigation which has ensued.  Though it should have been clear, the letter

---

[1]  See: https://www.aclu.org/news/environmental-protesters-fight-defamation-lawsuit-filed-coal-ash-landfill
[2]  A copy of the Settlement Agreement is attached hereto as Exhibit A and made apart hereof by this reference.
[3]  A copy of the letter is attached hereto as Exhibit B and made apart hereof by this reference.

contained the following admonition: "Attached are a draft Retraction and Press Release and draft Settlement Agreement with your clients.  **These represent an offer of compromise and settlement and should be maintained as confidential**."  (Emphasis added.)

      6.      The Alabama Rules of Professional Conduct provide as follows with regard to "Trial Publicity"[4]:

> Rule 3.6. Trial Publicity.
>
> (a)    A lawyer shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding.
>
> (b)    A statement referred to in paragraph (a) ordinarily is likely to have such an effect when it refers to a civil matter triable to a jury, a criminal matter, or any other proceeding that could result in incarceration, and the statement relates to:
>
> …
>
>     (5)    information the lawyer knows or reasonably should know is likely to be inadmissible as evidence in a trial and would if disclosed create a substantial risk of prejudicing an impartial trial …

      7.      The Settlement Agreement is clearly inadmissible under FRE 408 and it is inconceivable that it was published by the American Civil Liberties Union without the knowing participation of counsel seeking admission *pro hac vice* before this Court and for that matter the other counsel representing Defendants (other than possibly Mr. Sims).

---

[4]  The New York rule is virtually identical, see Title 22 [Judiciary]; Subtitle B Courts; Chapter IV Supreme Court; Subchapter E All Departments; Part 1200 Rules of Professional Conduct; § 1200.0 Rules of Professional Conduct, Rule 3.6.

8.	Such a blatant violation of the Rules of Professional Conduct for the sole purpose of gaining some perceived advantage in this litigation should not be rewarded.

WHEREFORE, the premises considered, Plaintiffs move the Court to deny Lee Rowland, Benjamin Good, Dennis Parker and Rachel Goodman admission *pro hac vice* to practice before this Court or, alternatively, for such other, further, or different sanctions as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this the 3rd day of June, 2016.

/s// Michael D. Smith_____
Michael D. Smith  (ASB-0052-H66M)

**OF COUNSEL:**
SMITH & STAGGS, LLP
701 22nd Avenue, Suite 1
Tuscaloosa, AL  35401
Telephone:  (205) 409-3140
Facsimile:   (205) 409-3144
msmith@smithstaggs.com

**//s// Kirkland E. Reid (with permission)**
Kirkland E. Reid (REIDK9451)

**OF COUNSEL:**
JONES WALKER, LLP
11 N. Water Street, Suite 1200
Mobile, Alabama 36602
Telephone:  (251) 439-7513
Facsimile:   (251) 439-7358
kreid@joneswalker.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I did serve the above Motion through the Court's ECF filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) to the following counsel for all Defendants:

Lee Rowland (*pro hac vice* pending)
Benjamin Good (*pro hac vice* pending)
Dennis Parker (*pro hac vice* pending)
Rachel Goodman (*pro hac vice* pending) American Civil Liberties Union Foundation 125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654

Charles S. Sims (*pro hac vice* pending) Proskauer Rose LLP
11 Times Square
New York, NY 10036
Phone: (212) 969-3950
Fax: (212) 969-2900

Randall C. Marshall (MARSR3023) ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179
Tel: (334) 420-1741
Fax: (334) 269-5666
Email: rmarshall@aclualabama.org

William M. Dawson (ASB-DAW002) 1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3512
Fax: (205) 870-7763
bill@billdawsonlaw.com

Matt Swerdlin (ASB-9090-M74S) 1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3517
Fax: (205) 443-6573

//s// Michael D. Smith_____
Michael D. Smith  (ASB-0052-H66M)

**OF COUNSEL:**
SMITH & STAGGS, LLP
701 22nd Avenue, Suite 1
Tuscaloosa, AL  35401
Telephone:  (205) 409-3140
Facsimile:   (205) 409-3144
msmith@smithstaggs.com