# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

GREEN GROUP HOLDINGS, LLC, a Georgia limited
liability company and HOWLING COYOTE, LLC, a
Georgia limited liability company,

    Plaintiffs,

    vs.

MARY B. SCHAEFFER, ELLIS B. LONG, BENJAMIN
EATON, and ESTHER CALHOUN, as individuals and as
members and officers of BLACK BELT CITIZENS
FIGHTING FOR HEALTH AND JUSTICE, an
unincorporated association,

    Defendants.

No. 2:16-cv-00145-CG-N

JUDGE CALLIE V.
S. GRANADE

MAGISTRATE
JUDGE
KATHERINE P.
NELSON

## DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## OBJECTIONS

Pursuant to Federal Rule of Civil Procedure 72(b) and S.D. Ala. Gen.LR 72(c),

Defendants Mary B. Schaeffer, Ellis B. Long, Benjamin Eaton, and Esther Calhoun respectfully

object to specified portions of Magistrate Judge Nelson's Report and Recommendation ("R&R"),

filed October 13, 2016. *See* Doc. 41. The R&R errs in recommending that the Court grant

Plaintiffs Green Group Holdings, LLC and Howling Coyote, LLC leave to amend their libel

claim against all Defendants and any claim against Defendants Calhoun, Schaeffer, and Long by

erroneously determining:

(1) that Plaintiffs have sufficiently pleaded that Defendants are members of an unincorporated business association and are therefore subject to liability by association, *see* R&R at 16-17;

(2) that, notwithstanding Section 230 of the federal Communications Decency Act ("CDA"), Defendants could be liable for nothing more than hosting, authorizing, or ratifying allegedly defamatory online posts that they are not alleged to have authored, *see* R&R at 15-18;

(3) that Plaintiffs adequately pleaded that Defendants were the original speakers, rather than only the messengers, of the alleged defamatory comments posted online, *see* R&R at 18; and

(4) that the CDA's preemption of Plaintiffs' state law claims is not evident from the face of the Amended Complaint, *see* R&R at 17-18.

Defendants' arguments are set forth in the attached Memorandum of Points and Authorities.

# MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................... 3

*Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009) ................................................... 6

*Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003) .............................................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 3

*Dinsmore v. J.H. Calvin Co.*, 108 So. 583 (Ala. 1926) ............................................... 3, 4

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157 (9th Cir. 2008) .......................................................................................................................... 6, 8

*Federal Credit, Inc. v. Fuller*, 72 So. 3d 5 (Ala. 2011) ................................................... 3

*Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785 (N.D. Cal. 2011) .................................... 6

*Hunt v. Davis*, 387 So. 2d 209 (Ala. Civ. App. 1980) ...................................................... 4

*Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398 (6th Cir. 2014) .......... 7, 10

*Klayman v. Zuckerberg*, 753 F.3d 1354 (D.C. Cir. 2014) ...................................... 6, 7, 8

*Miyahira v. Vitacost.com, Inc.,* 715 F.3d 1257 (11th Cir. 2013) .................................... 2

*Penrod Drilling Co. v. Johnson,* 414 F.2d 1217 (5th Cir. 1969) ..................................... 4

*Prescription Containers, Inc. v. Cabiles*, No. 12-cv-4805 CBA VMS, 2014 WL 1236919 (E.D.N.Y. Feb. 14, 2014) ............................................................................................... 4

*Zeran v. Am. Online, Inc.,* 129 F.3d 327 (4th Cir. 1997) ................................................. 6

**Statutes**

28 U.S.C. § 636 ................................................................................................................. 2

47 U.S.C. § 230 ............................................................................................................. 6, 8

Ala. Code § 10A-17-1.07 ........................................................................................................... 2, 4

Fed. R. Civ. P. 72 ...................................................................................................................... 1, 2

S.D. Ala. GenLR 72 ..................................................................................................................... 2

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

**Introduction**

The Magistrate Judge's Report and Recommendation ("R&R") urges this Court to
dismiss the vast majority of the claims in this case with prejudice, and would permit Plaintiffs to
re-plead their claims only as to five statements out of the original voluminous list in the
Amended Complaint. *See* R&R, Doc. 41 at 38-39. Four of these five statements are not linked to
any individual defendant and are instead attributed to a third-party speaker. Yet the R&R would
erroneously permit Plaintiffs to re-plead these five statements against all four individual
Defendants under two theories of indirect liability, concluding that they may be held potentially
liable as members of an unincorporated association organized for business purposes, or as
members who "ratified" the statements of others by leaving them online after being notified that
Plaintiffs found the statements objectionable, *id.* at 15-18. The first theory of liability requires
Plaintiffs to plead facts that give rise to liability through a business-related association, which
they have failed to—and cannot—do. The second theory of liability is squarely preempted by the
Communications Decency Act, a federal law that explicitly prohibits online operators from being
held liable—including under a "ratification" analysis—for hosting the digital speech of others.
Defendants therefore respectfully object to each theory of liability as an error of law, and request
that this Court dismiss with prejudice the libel claim against all Defendants and the slander claim
against Defendants Calhoun, Schaeffer, and Long.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to a magistrate
judge's proposed findings and recommendations by "serv[ing] and fil[ing] specific written

1

objections" within 14 days after being served a copy of the recommendation. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1), S.D. Ala. GenLR 72(c)(1). "The district court must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). This applies to questions of both law and fact.[1] *Id.* In response to proper objections, the district court "may . . . reject[ ] or modify the recommended disposition." *Id.*

## Argument

### 1. Plaintiffs Have Not Sufficiently Pleaded that Defendants Are Members of an Unincorporated Business Association

The Report and Recommendation errs in its conclusion that Plaintiffs have adequately pleaded slander against Defendants Calhoun, Schaeffer, and Long or libel against any of the Defendants by simply asserting that Defendants are part of an unincorporated association. Specifically, the R&R incorrectly shifts the pleading burden from Plaintiffs to Defendants. *See* R&R at 16-17 ("The Plaintiffs have alleged only that Black Belt is an 'unincorporated association,' not an unincorporated **nonprofit** association, and have offered some authority indicating that members of an unincorporated association can be liable for the actions of other members in certain circumstances. . . . [I]t is not apparent from the face of the Amended Complaint that the Plaintiffs [*sic*] are entitled to the protections of Ala. Code § 10A-17-1.07.") (emphasis in original). While this correctly recognizes that state law precludes recovery against individuals by virtue of their association for non-profit purposes, the R&R's conclusion

---

[1] Defendants acknowledge that for purposes of a Motion to Dismiss, the Court must accept as true the well-pleaded allegations in a complaint. *See, e.g., Miyahira v. Vitacost.com, Inc.,* 715 F.3d 1257, 1265 (11th Cir. 2013). Defendants of course reserve their right to challenge the veracity of statements pleaded in the Amended Complaint for purposes of assessing both falsity and sanctions, as appropriate, including by reference to publicly-filed documents that appear to belie some of the allegations therein.

2

improperly places the burden of pleading on the Defendants. The duty to plead facts that give

rise to causation and liability lies solely with *plaintiffs*, who must plead facts that give rise to

liability for each particular defendant. And under clearly-established law—indeed, law which is

cited by Plaintiffs, relied upon by the R&R, and is nearly a century old—individuals may only be

liable for the intentional torts of unincorporated associations that have a *business purpose*. *See*

*Dinsmore v. J.H. Calvin Co*., 108 So. 583, 584 (Ala. 1926); R&R at 14-15. Because Plaintiffs

have failed to allege any set of facts that would plausibly give rise to an inference that

Defendants are associated for business purposes, and the Amended Complaint in fact flatly

contradicts any such reading, Alabama law precludes associational liability.

   In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (requiring dismissal "where the

well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct"). For intentional torts such as defamation, this pleading burden requires that

plaintiffs offer a clear statement about why any particular defendant is liable for any statement at

issue. *See Federal Credit, Inc. v. Fuller*, 72 So. 3d 5, 10 (Ala. 2011) ("To establish a prima facie

case of defamation, a plaintiff must show: '[1] that the *defendant was at least negligent* [2] in

publishing [3] a false and defamatory statement . . .'") (citation omitted, emphasis added). In this

case, the burden thus lies with Plaintiffs to plead facts which could reasonably support liability

for each Defendant under Alabama law, which Plaintiffs have failed to carry.

   Alabama law is settled on the question of when one member of an unincorporated

association may be found liable for the intentional torts of other members. Such literal guilt-by-

association is available *if and only if* the unincorporated association is organized for business

3

purposes, as both statutory and case law make clear. *See* Ala. Code § 10A-17-1.07(d); *Hunt v. Davis*, 387 So. 2d 209, 211 (Ala. Civ. App. 1980) (for member of unincorporated associations to be liable for actions of another, "[a]gency must be shown, not being implied from the mere act of association"). This rule has been in place since at least 1926, as shown by a case relied on by Plaintiffs and the R&R:

> On the facts appearing in the record, no one could bind these appellants or any other members of the general organization as partners or parties to an enterprise or contract of which they had no knowledge and to which they did not assent; but, to speak cautiously, those who engaged in the business, that is, became members of the organization for the purpose of carrying on the store or reaping profit from its business, became thereby liable for its obligations.

*Dinsmore*, 108 So. at 584 (citation omitted); R&R at 14-15. As *Dinsmore* makes plain, liability for business-oriented associations is an *exception* to the general rule of non-liability for members of unincorporated associations. *See also generally Penrod Drilling Co. v. Johnson,* 414 F.2d 1217, 1224 (5th Cir. 1969) (noting trend "toward making modern business entities amenable to suit in places where their business activities give rise to liabilities and obligations").

It is thus incumbent on Plaintiffs to plead facts sufficient to establish that Defendants are organized for business purposes—something they have failed to (and cannot) do. *See Prescription Containers, Inc. v. Cabiles*, No. 12-cv-4805 CBA VMS, 2014 WL 1236919, at *4 (E.D.N.Y. Feb. 14, 2014) (duty lies with plaintiffs to plead specific facts for court to determine precisely what type of unincorporated association is being sued, and how state law applies to that type of unincorporated association). Plaintiffs' Amended Complaint only summarily asserts that Black Belt Citizens for Health and Justice is an "unincorporated association" in the caption, and alleges no facts pleading or even suggesting any underlying business purpose in the body of the Amended Complaint.

4

To the contrary, the Amended Complaint cites a number of Black Belt's goals and objectives, all of which are self-evidently not profit-seeking:

- "Black Belt Citizens *Fighting for Health and Justice* ('Black Belt') publishes and maintains a website . . . disseminated to a national and international market and states that one of Black Belt's goals is to 'Get rid of the Arrowhead Landfill." Am. Compl., Doc. 10 ¶ 21 (emphasis added); *see also id.* ¶ 38 (describing "the continuing campaign by Black Belt against Arrowhead landfill in furtherance of its stated goals to 'Get rid of the Arrowhead Landfill.'").
- "Black Belt's website further states, under its 'Projects' tab that: 'Arrowhead Landfill, located on south Perry County Road 1 near Uniontown, Alabama, **poses a serious health and environmental threat** to our area.'" *Id.* ¶ 22 (emphasis in original).
- Quoting post on Black Belt's Facebook page that states, "Black Belt Citizens stand with all communities impacted by toxic coal ash and extreme energy wastes. We stand united with all communities suffering from oppressive and discriminatory policies and practices. We stand with all people who fight for health and justice." *Id.* ¶ 26.

These allegations clearly plead a not-for-profit purpose, and contain not a single fact that would tend to demonstrate a for-profit purpose as required to sustain any theory of associative liability for an intentional tort. Dismissal with prejudice of the libel claim against all Defendants, and of the slander claim against Defendants Calhoun, Schaeffer, and Long, is therefore required.

### 2. Defendants Cannot Be Liable for Hosting, Authorizing, or Ratifying Online Posts

Even if the Court were to uphold the R&R's determination that Defendants could be liable under Alabama law for publication as members of an unincorporated association, federal law would require dismissal of that claim. Because the libel claim challenges Defendants only for allegedly publishing and maintaining—but not authoring—the challenged online posts, the R&R's conclusion that "*by refusing to remove or retract* the alleged defamatory statements from the Black Belt website and Facebook page, the Defendants could plausibly be said to have ratified those statements, even if they themselves did not post them," *see* R&R at 15 (citation and

5

quotation omitted, emphasis added), runs directly afoul of Section 230 of the Communications

Decency Act ("CDA").

The CDA provides, in relevant part, that "[n]o provider or user of an interactive computer

service shall be treated as the publisher or speaker of any information provided by another

information content provider," 47 U.S.C. § 230(c)(1); *see also* R&R at 17.[2] This immunity

extends to "all publication decisions, [including] whether to edit, to remove, or to post" content

generated by third parties. *Barnes v. Yahoo!, Inc*., 570 F.3d 1096, 1105 (9th Cir. 2009)

(upholding dismissal of state law claims against Yahoo for failing to remove posts authored by a

third party); *see also Zeran v. Am. Online, Inc.,* 129 F.3d 327, 330 (4th Cir. 1997) (the CDA

protects against liability for "deciding whether to publish, withdraw, postpone, or alter content").

Defendants are alleged to be nothing more than "users" or "providers" of Facebook and

the Black Belt Citizens website, which are "interactive computer service[s]" under the CDA. *See,*

*e.g., Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014); *Fair Hous. Council of San*

*Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008); *Fraley v.*

*Facebook, Inc*., 830 F. Supp. 2d 785, 801 (N.D. Cal. 2011). Plaintiffs do not allege that

Defendants authored—or served as the "information content providers" of—any challenged post.

*See* Am. Compl. ¶¶ 24, 29.

Under the CDA, Defendants are therefore immune from any liability for the libel claim.

*See Batzel v. Smith*, 333 F.3d 1018, 1030 (9th Cir. 2003) ("the language of § 230(c)(1) confers

immunity not just on 'providers' of such services, but also on 'users' of such services."); *see also*

---

[2] The CDA defines "interactive computer service" as "any information service, system, or access
software provider that provides or enables computer access by multiple users to a computer
server." 47 U.S.C. § 230(f)(2). In contrast, the statute defines "information content provider" as
"any person or entity that is responsible, in whole or in part, for the creation or development of
information provided through the Internet. . ." *Id*. § 230(f)(3).

*Klayman*, 753 F.3d at 1357 ("Mark Zuckerberg, too, qualifies for protection because he is a 'provider' of Facebook's interactive computer service"). Contrary to the conclusion in the R&R, Defendants cannot be liable for "ratifying" statements of another speaker by "refusing to remove or retract the alleged defamatory statements." R&R at 15. *See, e.g., Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 415 (6th Cir. 2014) (declining to hold even publisher who added commentary to challenged content liable under a "ratification" theory); *Parisi v. Sinclair*, 774 F. Supp. 2d 310, 316 (D.D.C. 2011) (dismissing plaintiffs' claims as barred by the CDA despite their argument that defendant "adopted" the statements at issue as its own).

**3.  Plaintiffs Have Not Pleaded that Defendants Authored the Challenged Online Posts**

Defendants also object to the Magistrate Judge's erroneous finding, without any citation to or support in the Amended Complaint, that "members of Black Belt are alleged to be the 'original speakers' of the alleged defamatory comments, not simply 'messengers.'" *See* R&R at 18. This mischaracterizes the Amended Complaint, which alleges that Plaintiffs believe a third party authored the statements. *See* Am. Compl. ¶ 29 (Plaintiffs demanded "disclosure of the identity and contact information for the person or persons who did write and post the libelous material that had been removed from Black Belt's Facebook page."); *see also id*. ¶ 24 ("Defendants allege [that the challenged posts] were written and posted on their Facebook page without their prior knowledge or approval."). Contrary to the R&R's unsupported statement, Plaintiffs allege that Defendants' only culpable acts were initially "publish[ing]" and then failing to retract or repudiate the challenged posts. *Id* ¶¶ 32, 34. This holds for each challenged statement and each Defendant: although Benjamin Eaton is mentioned by name in the challenged December 5, 2015 post, he is named as the speaker of an oral statement, not the author of the

challenged post. *Id.* ¶ 26. Plaintiffs have failed to adequately plead the libel claim against any Defendant and it must be dismissed.

### 4. CDA Preemption is Evident from the Face of the Complaint

Finally, Defendants object to the R&R's related conclusion that "[h]ere, CDA preemption is not readily applicable from the face of the Amended Complaint" because "members of Black Belt are alleged to be the 'original speakers' of the alleged defamatory comments, not simply 'the messengers.'" R&R at 17-18.[3] As discussed at length above, this misreads the Amended Complaint, which does not allege that any of the Defendants authored the challenged posts, and fails to accord the immunity Congress expressly provided for carrying the content of others. Furthermore, even if Plaintiffs had alleged that some Defendants were the "original speakers" of some of the allegedly defamatory statements, CDA preemption would still be evident from the face of the complaint—and could therefore form the basis of a motion to dismiss pursuant to Rule 12(b)(6)—because entities are immune with respect to their role as a service provider, even where they are liable for their activities as a content provider. *See, e.g., Roommates*, 521 F.3d at 1171.[4]

---

[3] The CDA contains an express preemption provision, providing that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3); *see also* R&R at 17. As the R&R explains, "'[a]lthough '[p]reemption under the Communications Decency Act is an affirmative defense, ... it can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint.'" *Id.* at 17 (quoting *Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (per curiam)); *see also Klayman*, 753 F.3d at 1360 (affirming dismissal under Rule 12(b)(6) based on CDA defense).

[4] As noted above, both the Amended Complaint and the language of the R&R make plain that liability for libel hinges on the *posting* of each comment and not for any oral statement, even if quoted in the online post.

Accordingly, Defendants respectfully request that this Court dismiss with prejudice the libel claim against all Defendants and the slander claim against Defendants Calhoun, Schaeffer, and Long.

October 27, 2016

Respectfully submitted,

*/s/ Lee Rowland*

Charles S. Sims (admitted *pro hac vice*)
Carl Forbes, Jr. (admitted *pro hac vice*)
Proskauer Rose LLP
11 Times Square
New York, NY 10036
Phone: (212) 969-3950
Fax: (212) 969-2900

Randall C. Marshall (MARSR3023)
ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179
Tel: (334) 420-1741
Fax: (334) 269-5666
Email: rmarshall@aclualabama.org

Lee Rowland (admitted *pro hac vice*)
Vera Eidelman (admitted *pro hac vice*)
Dennis Parker (admitted *pro hac vice*)
Rachel Goodman (admitted *pro hac vice*)
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654

William M. Dawson (ASB-DAW002)
1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3512
Fax: (205) 870-7763
bill@billdawsonlaw.com

Matt Swerdlin (ASB-9090-M74S)
1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3517
Fax: (205) 443-6573
matthewswerdlin@gmail.com

9

**CERTIFICATE OF SERVICE**


I hereby certify that on October 27, 2016, I did serve the above Objections and Memorandum through the Court's ECF filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) to the following counsel for all Plaintiffs:


**Kirkland E. Reid**
Jones Walker LLP
11 N. Water St., Suite 1200
Mobile, AL 36602
Tel: (251) 439-7513
Fax: (251) 439-7358
Email: kreid@joneswalker.com

**Michael D. Smith**
Smith and Staggs, LLP
701 22nd Avenue
Tuscaloosa, AL 35401
Tel: (205) 409-3140
Email: msmith@smithstaggs.com


/s/ *Lee Rowland*

Lee Rowland (admitted *pro hac vice*)
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2500
Fax: (212) 549-2654

10