IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

GREEN GROUP HOLDINGS, LLC, a Georgia limited liability company and HOWLING COYOTE, LLC, a Georgia limited liability company,

PLAINTIFFS,

VS.

MARY B. SCHAEFFER, ELLIS B. LONG, BENJAMIN EATON AND ESTHER CALHOUN, individually and as members and officers of BLACK BELT CITIZENS FIGHTING FOR HEALTH AND JUSTICE, an unincorporated association,

DEFENDANTS.

CIVIL ACTION NO.:

2:16-cv-00145-CG-N

**PLAINTIFFS' OBJECTION TO**
**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Green Group Holdings, LLC and Howling Coyote, LLC (collectively, "Green Group"), Plaintiffs in the above-styled lawsuit, respectfully submit this Objection to the Report and Recommendation of the Magistrate Judge (Doc. 41) regarding the Defendants' Motion to Dismiss (Docs. 15, 16) to raise two matters:

**FIRST OBJECTION**

The Magistrate Judge found in her Report and Recommendations (Doc. 41 at p. 26) as follows:

> The undersigned finds that only the following challenged statements are sufficiently factual to be susceptible of being proved true or false:

- The statement on Black Belt's website that "deliberate discharges from the landfill reveal high levels of arsenic."
- The statement from the November 2, 2015 Facebook post that Arrowhead Landfill, continue to leak toxins into rivers, streams, and groundwater."
- The statement made by Eaton at the December 4, 2015 new conference, and repeated in the December 5, 2015 Facebook post, that "toxic material from the coal ash [is] leaking into creeks and contaminating the environment."
- The statement from the January 11, 2016 Facebook post that "[t]his landfill is experiencing unpermitted amounts of water runoff leaving its site and entering neighboring property."
- The statement from the March 1, 2016 Facebook post that the Landfill experiences "the constant run-off of contaminated water."

The foregoing finding lead to the **RECOMMENDATION** that Plaintiffs' claims for libel and slander based upon those specific statements should be **DISMISSED without prejudice** and that Plaintiffs' claims for libel and slander based on all other alleged defamatory statements should be **DISMISSED with prejudice**. (Doc. 41, p. 38)

On October 23, 2015, Black Belt published on its Facebook page its own content, under its own "banner" the following statement:

> "…Arrowhead landfill and Green Group Holdings are trespassing and desecrating a black cemetery."

Plaintiffs contend this statement is also an assertion of provable fact. The same basic assertion was repeatedly published by Black Belt on its Facebook page, including on November 13, 2015, November 18, 2015, December 5, 2015 and March 1, 2016.

The Alabama Courts have provided guidance to be followed when evaluating whether a statement is actionable as defamation *per se* and assimilated those cases as follows:

> "…, a court must give the language used 'that meaning that would be ascribed to the language by a reader or listener of "average or ordinary intelligence, or by a common mind." ' *Camp v. Yeager*, 601 So.2d 924, 927 (Ala.1992), quoting *Loveless v. Graddick*, 295 Ala. 142, 148, 325 So.2d 137, 142 (1975). Moreover, this Court has stated: ' "When words from their general import appear to have been spoken with a view to defame a party, the court ought not to be industrious in putting a construction upon them different from what they bear in the common acceptation and meaning of them." ' *Johnson v. Turner*, 159 Ala. 356, 358, 47 So. 570, 571 (1908), quoting *Wofford v. Meeks*, 129 Ala. 349, 357, 30 So. 625, 627 (1901). Stated differently, the courts will not apply a forced construction in order to render the statement nondefamatory and thereby to relieve the defendant of liability. *Marion v. Davis*, 217 Ala. at 19, 114 So. at 359. Finally, the alleged slanderous statement must be construed in connection with the other parts of the conversation, in order to determine the context in which the statement was made. *Marion*, supra." *Liberty Nat'l Life Ins. Co. v. Daugherty*, 840 So.2d 152, 157–158 (Ala. 2002).

*Ponder v. Lake Forest Property Owners Ass'n*, --- So.3d ---- (Ala.Civ.App. 2015), 2015 WL 3935490, at p. 11.

The foregoing statements of fact posted by the Defendants on their Facebook page all speak to "desecration of a cemetery". Giving "the language used 'that meaning that would be ascribed to the language by a reader or listener of "average or ordinary intelligence, or by a common mind." ' ". It is only those who are "industrious in putting

a construction upon them different from what they bear in the common acceptation and meaning of them," like the Defendants, who would disagree.

The Defendants mitigate their use of the word "desecrate" by contending that "…the word "desecrate"— means "[t]o divest (a thing) of its sacred character," *Desecrate*, Black's Law Dictionary (10th ed. 2014)—has an inherently subjective connotation. This phrase, in other words, contains no actionable assertions of fact."

In Alabama, desecration of a cemetery is a criminal offense that requires a willful or malicious act by the perpetrator. See *Ala. Code 1975*, § 13A–7–23.1. further, this Court has addressed the severely limited availability of the "tort of outrage" in the State of Alabama and the four kinds of conduct for which that tort has been validated as " '… so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.' " *Horne v. TGM Assocs., L.P.,* 56 So.3d 615, 631 (Ala.2010) (*quoting Inmon,* 394 So.2d at 365). *Moore v. City of Selma, Ala.*, No. CIV.A. 14-212-CG-C, 2015 WL 4073245, at *11 (S.D. Ala. July 6, 2015). One of those four circumstances is the desecration of a cemetery. *See Whitt v. Hulsey*, 519 So.2d 901, 903-906 (Ala. 1987). It would thus seem that the Courts and our legislature deem desecration to be a factually determinable act (provable even beyond a "reasonable doubt") rather than mere opinion, subjective discussion or hyperbolic statement.

Plaintiffs urge the Court to reconsider whether the statements of Defendants as to desecration of a cemetery are libelous.

## SECOND OBJECTION

The Magistrate Judge **RECOMMENDED** in her Report and Recommendations (Doc. 41 at p. 39) as follows:

> 3. The Plaintiffs should be granted leave to file, by a date certain, a second amended complaint solely for the purpose of alleging facts sufficient to plausibly show actual malice to support the claims for libel and slander that are dismissed without prejudice. The second amended complaint should omit mention of all statements that form the basis of defamation claims that are dismissed with prejudice.

The Defendants raised for the first time in their "Reply Brief in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 34), the notion that Black Belt is actually an "unincorporated nonprofit association" as defined in *Ala. Code 1975*, §10A-17-1.02(2). Since there is no "incorporation", there is likewise no means or method for searching to determine the status of the association as "nonprofit" other than by searching the Probate Records in Perry County, Alabama, for either the "Statement of Authority as to Real Property" provided for in *Ala. Code 1975*, §10A-17-1.06, or the "Appointment of Agent to Receive Service of Process" provided for in *Ala. Code 1975*, §10A-17-1.11 or by completing a search of organizations eligible to receive tax-deductible charitable donations using the "Exempt Organizations Select Check" search engine maintained by the Internal Revenue Service. Black Belt appears in none of those records.

Out of an excess of caution, Plaintiffs urge the Court to consider allowing the

second amended complaint to add Black Belt as a party defendant and contain appropriate allegations against it should it eventually be determined to be an "unincorporated nonprofit association" as defined in *Ala. Code 1975*, §10A-17-1.02(2).

RESPECTFULLY SUBMITTED this the 27th day of October, 2016.

//s// Michael D. Smith
Michael D. Smith (ASB-0052-H66M)

**OF COUNSEL:**

**SMITH & STAGGS, LLP**
701 22nd Avenue, Suite 1
Tuscaloosa, AL 35401
Telephone: (205) 409-3140
Facsimile: (205) 409-3144
msmith@smithstaggs.com

**//s// Kirkland E. Reid (with permission)**
Kirkland E. Reid (REIDK9451)

**OF COUNSEL:**

**JONES WALKER, LLP**
11 N. Water Street, Suite 1200
Mobile, Alabama 36602
Telephone: (251) 439-7513
Facsimile: (251) 439-7358
kreid@joneswalker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2016, I did serve the above Reply Brief through the Court's ECF filing system pursuant to Fed. R. Civ. P. 5(b)(2)(E) to the following counsel for all Defendants:

Lee Rowland
Benjamin Good
Dennis Parker
Rachel Goodman
Vera Eidelman
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY
10004 Phone: (212)
549-2500
Fax: (212) 549-2654

Charles S. Sims
Carl Forbes, Jr.
Proskauer Rose LLP
11 Times Square
New York, NY
10036
Phone: (212) 969-3950
Fax: (212) 969-2900

Randall C. Marshall
(MARSR3023)
ACLU Foundation of Alabama
P.O. Box 6179
Montgomery, AL 36106-0179
Tel: (334) 420-1741
Fax: (334) 269-5666

William M. Dawson
(ASB-DAW002)
1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3512
Fax: (205) 870-7763

Matt Swerdlin
(ASB-9090-M74S)
1736 Oxmoor Road
Birmingham, AL 35209
Phone: (205) 795-3517
Fax: (205) 443-6573

//s// Michael D. Smith
Michael D. Smith (ASB-0052-H66M)

**OF COUNSEL:**
SMITH & STAGGS, LLP
701 22nd Avenue, Suite 1
Tuscaloosa, AL 35401
Telephone: (205) 409-3140
Facsimile: (205) 409-3144
msmith@smithstaggs.com